# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, <br><br>        Plaintiffs, <br><br> vs. <br><br> RAI CONCRETE, INC., an Illinois Corporation, and CARMELA RAIMONDI, an individual, <br><br>        Defendants. | CASE NO.:  20-CV-1876 <br><br> JUDGE: <br><br> MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND and the

CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of the Defendants RAI CONCRETE, INC. and CARMELA RAIMONDI, and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1104, 1132 and 1145) and Section 301 of the Labor-Management Relations Act ("LMRA"). (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132 and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively the "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors

Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37).

4. The CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of the Defendant RAI CONCRETE, INC. ("RAI CONCRETE")'s bargaining-unit employees.

7. Pursuant to Section 301 of the LMRA (29 U.S.C. § 185), the UNION is authorized to bring suit against signatory employers for breach of a collective bargaining agreement.

8. The Defendant RAI CONCRETE is an Illinois corporation with its principal place of business in Palos Hills, Illinois.

9. The Defendant CARMELA RAIMONDI ("RAIMONDI") is the President of RAI CONCRETE.

## COUNT I
## BREACH OF CONTRACT – RAI CONCRETE

10. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. RAI CONCRETE is an employer engaged in an industry affecting commerce, which agreed to be bound by the terms of the CBA through a Memorandum of Agreement. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**); (A copy of the CBA is attached as **Exhibit 2**).

12. Through the CBA and Memorandum of Agreement, RAI CONCRETE agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

13. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, RAI CONCRETE is required to make monthly reports of the number of hours worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS and LMCC for each hour that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

14. Pursuant to the CBA, RAI CONCRETE is required to deduct five dollars ($5.00) from its bargaining-unit employees' wages for each hour worked and remit it to the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND ("SAVINGS FUND"). (**Exhibit 2**).

15. Pursuant to the CBA and properly executed check-off cards, RAI CONCRETE is required to deduct seven percent (7%) from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 2**).

16. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS and the LMCC, and dues to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at a rate of ten percent (10%) per annum, and any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

17. RAI CONCRETE failed to submit payment of contributions and union dues to the TRUST FUNDS, the LMCC, and the UNION for the months of October 2019, November 2019 and December 2019 in an unknown amount.

18. As a result of RAI CONCRETE's failure to remit timely payment for contributions and union dues for the months of October 2019, November 2019 and December 2019, RAI CONCRETE owes the TRUST FUNDS, the LMCC, and the UNION liquidated damages in in an unknown amount.

19. RAI CONCRETE has a continuing obligation to remit monthly contribution reports, contributions and union dues on a monthly basis to Plaintiffs, and to comply with the terms of the CBA, Memorandum of Agreement, and Trust Agreements.

20. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from RAI CONCRETE.

21. Plaintiffs have complied with all conditions precedent in bringing this suit.

22. RAI CONCRETE is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Defendant RAI CONCRETE be ordered to remit its outstanding contribution reports for the months of October 2019, November 2019 and December 2019;

B. That Judgment be entered in favor of Plaintiffs and against Defendant RAI CONCRETE in an unknown amount for the unpaid contributions and union dues for the months of October 2019, November 2019 and December 2019;

C.     That Judgment be entered in favor of Plaintiffs and against Defendant RAI CONCRETE in an unknown amount for the liquidated damages resulting from its late payment of contributions and union dues for the months of October 2019, November 2019 and December 2019;

D.     That Judgment be entered in favor of Plaintiffs and against Defendant RAI CONCRETE for any and all other contributions, union dues, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraphs A through C above;

E.     That Defendant RAI CONCRETE be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

F.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant RAI CONCRETE's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF FIDUCIARY DUTY – CARMELA RAIMONDI

23. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. Pursuant to the CBA, Defendant RAI CONCRETE is required to deduct $5.00 from its bargaining-unit employees' wages for each hour worked and remit it to the SAVINGS FUND. (**Exhibit 2**).

25. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets." (29 C.F.R. § 2510.3-102(a)(1)).

26. Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of plan assets . . ." 29 U.S.C. § 1002(21)(A)).

27. Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." (29 U.S.C. § 1104(a)(1)).

28. RAIMONDI, in her capacity as a President of RAI CONCRETE, withheld $5.00 from her bargaining unit employees' paychecks for the months of October 2019, November 2019 and December 2019 in an unknown amount

29. The withheld SAVINGS FUND deductions became plan assets on the day they became due and owing to Plaintiffs, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

30. Consequently, RAIMONDI became a plan fiduciary when she failed to remit timely payment of the SAVINGS FUND deductions, as she exercised discretionary authority and control over plan assets.

31. As a result of her failure to remit timely payment of the SAVINGS FUND deductions, RAIMONDI breached her fiduciary duty to the SAVINGS FUND, as she failed to act for the exclusive purpose of providing benefits to the participants when she failed to remit timely payment of the SAVINGS FUND deductions.

32. RAIMONDI also failed to act with the requisite care, skill, prudence and diligence imposed upon her by ERISA when she failed to remit timely payment of the SAVINGS FUND

deductions to the SAVINGS FUND.

33. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from RAIMONDI.

34. Plaintiffs have complied with all conditions precedent in bringing this suit.

35. RAIMONDI is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs respectfully request:

A. That CARMELA RAIMONDI, in her capacity as President of RAI CONCRETE, be ordered to remit the outstanding contribution reports for the months of October 2019, November 2019 and December 2019;

B. That Judgment be entered in favor of the SAVINGS FUND and against Defendant CARMELA RAIMONDI in an unknown amount for the unpaid SAVINGS FUND deductions for the months of October 2019, November 2019 and December 2019;

C. That Judgment be entered in favor of the SAVINGS FUND and against Defendant CARMELA RAIMONDI in an unknown amount for liquidated damages and interest calculated at a rate of ten percent (10%) per annum from the due date through the date of a Judgment;

D. That Judgment be entered in favor of Plaintiffs and against Defendant CARMELA RAIMONDI for all unpaid SAVINGS FUND deductions, along with the resulting liquidated damages and interest, that are found to be due and owing in addition to the amounts referenced in paragraphs A through C above;

E. That Defendant CARMELA RAIMONDI be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

F. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant CARMELA RAIMONDI's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

 Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS'
UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com